UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23694-RKA

BEACH SIDE APTS, LLC, a Florida
limited liability company,

Plaintiff/Counter-Defendant,

v.

NEUE URBAN, LLC, a Florida limited liability
company,

Defendant/Counter-Defendant.
_____/

## VERIFIED EXPEDITED MOTION TO VACATE CLERK DEFAULT

Plaintiff/Counter-Defendant, Beach Side Apts, LLC ("Beach Side"), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, hereby moves to vacate the Clerk's default [DE 39], dated March 23, 2023, entered against Beach Side on the Counterclaim filed by Neue Urban, LLC ("Defendant"), stating:

### INTRODUCTION

This case involves a dispute between a seller (here, Beach Side) and a prospective buyer (here, Defendant), regarding entitlement to a $75,000.00 deposit made by Defendant pursuant to a contract for the purchase and sale of a parcel of commercial real estate. At all times, Beach Side was represented by Harvey Rogers, Esq. For reasons unknown to Beach Side, Mr. Rogers apparently abandoned his duties in this case. First, in February of this year, Mr. Rogers failed to comply with the Court's trial order and failed to respond to a subsequent order to show cause

issued by the Court, which resulted in the dismissal of Beach Side's Complaint as a sanction.[1]  A month later, in March of this year, Mr. Rogers failed to respond to Defendant's First Amended Counterclaim, and the Clerk entered a default against Beach Side.  A hearing on Defendant's motion for final default judgment is presently scheduled for October 20, 2023.

All of this happened without Beach Side's knowledge, consent, or authorization.  To make matters worse, Mr. Rogers did not inform Beach Side of the foregoing until just a few days ago, on September 26, 2023.  On that date, Mr. Rogers informed Beach Side – for the first time – that he had stopped defending this action, based on some unspecified discussion that he supposedly had with Beach Side's representative, Marco Rodriguez.  Mr. Rogers also informed Beach Side – for the first time – that a default had been entered against Beach Side on the Counterclaim and that a final judgment would be entered against Beach Side for the full amount of the escrow deposit at issue plus attorney's fees and costs.  Mr. Rogers never informed Beach Side that the Court had dismissed its Complaint, let alone as a sanction for failure to comply with orders of the Court.

Shocked, Beach Side immediately attempted to contact Mr. Rogers on several occasions to no avail.  Shortly thereafter, Beach Side retained undersigned counsel.  Because of the potentially dire consequences of his actions, and as a professional courtesy, undersigned counsel attempted to contact Mr. Rogers for an explanation.  Specifically, undersigned counsel has called Mr. Rogers on at least ten different occasions, both to his cell phone and his office, leaving several

---

[1] Beach Side will also be filing a motion to set aside the dismissal of its Complaint.  Beach Side apologizes in advance to the Court for Mr. Rogers' failure to comply with the Court's trial order and for his subsequent failure to respond to the Court's order to show cause.  Beach Side did not instruct Mr. Rogers to not respond nor was Beach Side aware of Mr. Rogers' conduct.  Since learning of the procedural posture of this case on September 26, 2023, Beach Side has attempted to contact Mr. Rogers on more than fifteen occasions for an explanation, but he has failed to respond.

messages. Undersigned counsel has also sent Mr. Rogers four emails, explaining both the nature and the urgency of the matter. Mr. Rogers has failed to respond.

To be clear, Beach Side never instructed Mr. Rogers to abandon its prosecution of the Complaint or to stop defending against the Counterclaim. The Clerk's default should be vacated for several reasons. *First*, the Clerk's default was not the product of culpable or willful conduct by Beach Side. It was the product of Mr. Rogers' unauthorized abdication and dereliction of his duties as counsel of record for Beach Side. *Second*, there is no prejudice to Defendant. Delay alone is not enough. Instead, a finding of prejudice requires a showing that the delay will result in loss of evidence, increased opportunities for fraud, or discovery difficulties, none of which are present here. *Third*, Beach Side has a meritorious defense. As alleged in the Complaint, Beach Side is entitled to the deposit for Defendant's breach of the purchase and sale agreement. *Fourth*, failure to set aside the default will result in extreme financial hardship for Beach Side. Beach Side is a small company and the amounts sought by Defendant will cause Beach Side to suffer a significant financial loss. *Fifth*, public policy favors resolving cases on their merits. *Finally*, Beach Side has acted promptly to correct the default.

### RELEVANT FACTUAL BACKGROUND

1. On August 24, 2022, Beach Side commenced this action in the Circuit Court in and for Miami-Dade County, Florida.

2. On September 15, 2022, before Beach Side had effected service of process, Defendant filed a notice of *lis pendens*.

3. On October 14, 2022, again, before Beach Side had effected service of process, Defendant filed an answer, affirmative defenses, and counterclaim.

4. On November 10, 2022, Defendant filed a notice of removal. [DE 1].

5. On November 21, 2022, Beach Side filed a motion to remand. [DE 8].

6. On November 29, 2023, Defendant filed its response in opposition to Beach Side's motion for remand.

7. On January 20, 2023, while the motion for remand was pending, the Court issued its trial order. [DE 30].

8. Among other things, the trial order required that the parties file a notice of selection of mediator by February 10, 2023. *Id.* at 1.

9. On February 10, 2023, Defendant filed a notice that the parties had been unable to agree on a mediator because counsel for Beach Side, Harvey Rogers, Esq., had failed to respond to Defendant's counsel's several attempts to confer regarding a mediator. [DE 32].

10. As a result, on February 17, 2023, the Court issued an order to show cause, requiring Beach Side to show cause, by February 21, 2023, why the Court should not dismiss the case for Beach Side's failure to comply with the Court's orders. [DE 33].

11. Beach Side failed to show cause or otherwise respond to the Court's order to show cause, and the Court dismissed this action in its entirety. [DE 35].

12. Roughly one month later, Defendant filed a motion for reconsideration of the Court's dismissal order, arguing that its Counterclaim should not have been dismissed. [DE 36].

13. On March 23, 2023, the Court entered an order, granting Defendant's motion for reconsideration, reinstating Defendant's Counterclaim, and ordering Defendant to move for a Clerk's Default against Beach Side. [DE 37].

14. On that same date, March 23, 2023, Defendant moved for, and was granted, a Clerk's Default. [DE 38, 39, respectively].

15. A hearing on Defendant's motion for final default judgment is presently scheduled for October 20, 2023.

16. For the reasons established herein, Beach Side respectfully requests that the Court vacate the Clerk's default and allow Beach Side leave to respond to the Counterclaim.

## MEMORANDUM OF LAW

### I. Legal standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c) of the Federal Rules of Civil Procedure, in turn, states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause standard is to be construed liberally on a case-by-case basis. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 951 (11th Cir.1996). To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support the claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). "'Good cause' is a far more lenient standard than the related 'excusable neglect' standard used to justify vacatur of a default judgment pursuant to Fed. R. Civ. P. 60(b)." *Kilpatrick v. Town of Davie*, No. 08-CV-60775, 2008 WL 3851588, at *1 (S.D. Fla. Aug. 15, 2008) (citing *E.E.O. C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

In determining whether good cause exists, courts consider multiple factors, including (i) whether the default was culpable or willful; (ii) whether setting it aside would prejudice the adversary; (iii) whether the defaulting party presents a meritorious defense; (iv) whether the public interest is implicated; (v) whether there was significant financial loss to the defaulting party; and (vi) whether the defaulting party acted promptly to correct the default. *Compania Interamericana*, 88 F.3d at 951.

## II. Beach Side has established the requisite good cause.

Here, an evaluation of the foregoing factors militates heavily in favor of a finding of good cause, requiring vacatur of the Clerk's default. *First*, the default was not the product of culpable or willful actions by Beach Side. The default was the product of Mr. Rogers' abdication and dereliction of his duties as counsel of record for Beach Side. Beach Side did not instruct Mr. Rogers to abandon either the prosecution or the defense of this case. *Second*, setting aside the default will not prejudice Defendant because there is no evidence that the delay will result in loss of evidence, increased opportunities for fraud, discovery difficulties, or the like. *Rodriguez v. Brim's Food, Inc.*, No. 13-CV-20600, 2013 WL 3147348, at *3 (S.D. Fla. Jun. 19, 2013) (noting that delay alone is insufficient and that a finding of prejudice instead requires a showing that the delay will result in a loss of evidence, increased opportunities for fraud, or of discovery difficulties). *Third*, Beach Side has a meritorious defense. As Beach Side alleged in its Complaint, the due diligence period expired on May 20, 2022. Compl., ¶ 18. Defendant failed to cancel the contract prior to May 20, 2022. *Id*. at ¶ 20. Defendant then failed and/or refused to close on the property by June 10, 2022, as required by the contract. *Id*. at ¶ 21. Accordingly, Beach Side has a meritorious defense because Defendant breached the contract, and Beach Side is entitled to the

deposit and an award of attorney's fees and costs. *Rodriguez*, 2013 WL 3147348, at *3 ("[W]here a defendant has provided by clear statements a 'hint of a suggestion' that his case has merit that is sufficient."). *Fourth*, there is a strong public policy in favor of resolving cases on the merits. *Fla. Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits."). *Fifth*, Beach Side is a small company, and a default will result in significant financial harm. *Rodriguez*, 2013 WL 3147348, at *3 (granting motion to vacate, in part, because default resulting in injunctive relief, an award of damages, and an award of attorney's fees would cause significant financial loss). *Finally*, Beach Side acted promptly in setting aside the default. Beach Side learned of the default on September 26, 2023, and immediately attempted to contact its counsel, Mr. Rogers, to understand what had transpired and to rectify the situation. Despite repeated attempts, Mr. Rogers failed to respond. Beach Side then immediately contacted and retained undersigned counsel.

## CONCLUSION

Wherefore, Beach Side respectfully requests that the Court enter an order vacating the Clerk's default entered on March 23, 2023 [DE 39] and granting Beach Side leave to respond to the Counterclaim.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel for Beach Side hereby certifies that, on October 5, 2023, I conferred with counsel for Defendant, Daniel Lustig, Esq., regarding the relief sought herein. Counsel for Defendant indicated that Defendant opposes the relief sought.

### **EXPLANATION FOR FILING AS EXPEDITED MOTION**

This motion is filed as an expedited motion, pursuant to Rule 7.1(d)(2) of the Local Rules for the Southern District of Florida, because, as noted above, there is a hearing presently scheduled for October 20, 2023, on Defendant's motion for final default judgment, and a ruling on that motion could moot the instant motion.

### **VERIFICATION**

Under penalty of perjury, I, Marco Rodriguez, as authorized representative of Beach Side Apts, LLC, state that I have read the foregoing motion to vacate and that the facts alleged therein are true and correct to the best of my knowledge and belief.

*Marco A. Rodriguez*   10/10/2023 01:34 PM

_____
Marco Rodriguez
Authorized Representative, Beach Side Apts, LLC

Respectfully submitted,

**THE FERRO LAW FIRM, P.A.**
255 ALHAMBRA CIRCLE, 8TH FLOOR
CORAL GABLES, FLORIDA 33134
OFF. (305) 448-1033
CELL. (305) 984-8892
EMAIL. SIMON@THEFERROFIRM.COM
ALT. EMAIL. FERRO.SIMON@GMAIL.COM

BY: /s/ *Simon Ferro*
     SIMON FERRO
     FLORIDA BAR NO. 37014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 10, 2023, I caused the foregoing document to be filed with the Clerk of the Court *via* CM/ECF. I also certify that the foregoing document is being served this day on all parties and/or counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/    *Simon Ferro*
Simon Ferro