UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23694-RKA

BEACH SIDE APTS, LLC, a Florida
limited liability company,

Plaintiff/Counter-Defendant,

v.

NEUE URBAN, LLC, a Florida limited liability
company,

Defendant/Counter-Defendant.
_____/

**VERIFIED REPLY IN SUPPORT OF
MOTION TO VACATE CLERK DEFAULT**

Plaintiff/Counter-Defendant, Beach Side Apts, LLC ("Beach Side"), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules for the Southern District of Florida, hereby files this reply in support of its Motion to Vacate Clerk's Default (the "Motion") [DE 57], stating:

### INTRODUCTION

In its response, Neue Urban, LLC ("Neue") argues that the Motion should be denied because Beach Side acted with a willful and culpable disregard for these proceedings, because it has been prejudiced by the delay, and because Beach Side has not established a meritorious defense. The arguments are unavailing.

*First*, the only evidence before the Court is that Beach Side did not act with a culpable or willful disregard of these proceedings. To the contrary. Beach Side repeatedly asked their lawyer, Harvey Rogers, Esq., about the status of the case, and Mr. Rogers repeatedly reassured Beach Side

that everything was fine. Beach Side relied on Mr. Rogers' representations. On September 26, 2023, when Beach Side learned of the default, it immediately retained new counsel and sought to set it aside. Indeed, the emails and communications referenced by Neue in its response confirm Mr. Rogers' misconduct and his disregard for these proceedings, not Beach Side's. If anything, those emails and communications corroborate Beach Side's position and weigh in favor of vacatur. *Second*, there is no prejudice to Neue. As Neue knows well, the *lis pendens* that it recorded against the property on October 14, 2022, was never discharged. As a result, the buyers purchased the property subject to its *lis pendens*. If Neue prevails on its claim for specific performance, Neue can recover the property just the same. *Third*, Beach Side established a meritorious defense, namely, that it is entitled to the deposit because Neue breached the purchase and sale agreement.

## MEMORANDUM OF LAW

### I. Beach Side has established good cause to vacate the default.

In the Motion, Beach Side established good cause to vacate the default. Specifically, Beach Side established: 1) that the default was the product of Mr. Rogers' unauthorized and undisclosed conduct and not the result of culpable or willful conduct by Beach Side; 2) that there is no prejudice to Neue; 3) that Beach Side has a meritorious defense in that Beach Side is entitled to the deposit because Neue breached the purchase and sale agreement; 4) that failure to set aside the default will result in extreme financial hardship for Beach Side; 5) that public policy favors resolving cases on their merits; and 6) that Beach Side acted promptly to correct the default. In its response, Neue argues that the Motion should be denied because Beach Side acted with a willful disregard for these proceedings, because Beach Side has been prejudiced by the delay, and because Beach Side has failed to establish a meritorious defense. All three arguments fail.

*First*, there is no evidence that Beach Side acted with culpable or willful disregard for these proceedings. As established in the Motion, Beach Side was not aware that its counsel had failed to respond to the Court's orders, that its Complaint had been dismissed as a sanction, that Neue had filed a Counterclaim, that its counsel had failed to respond to the Counterclaim, or anything of the sort. To the contrary. Beach Side repeatedly asked Mr. Rogers about the status of the case. He repeatedly reassured Beach Side that everything was fine. Beach Side relied upon Mr. Rogers' representations. The moment that Beach Side learned of the default, it attempted to contact Mr. Rogers for answers. When Mr. Rogers failed to respond to Beach Side, Beach Side immediately retained undersigned counsel and sought to set aside the default. There is no evidence of culpable or willful disregard by Beach Side. *MTACC LTD v. CHF Corp.*, No. 20-22383, 2020 WL 8258334, at *6 (S.D. Fla. Dec. 24, 2020) (setting aside default judgment where, as here, default resulted from counsel's conduct, movant relied upon counsel's representations about the case, and acted diligently to set aside the default once it learned of it); *Rodriguez v. Brim's Food, Inc.*, No. 13-CV-20600, 2013 WL 3147348, at *3 (S.D. Fla. Jun. 19, 2013) (finding good cause to set aside default, in part, because "[d]efendant's prompt actions show there was no willful disregard involved as a reason for their failure to respond"). If anything, the emails and communications referenced by Neue reveal Mr. Rogers' disregard for these proceedings, not Beach Side's.

*Second*, there is no prejudice to Neue. The fact that the property was sold is irrelevant. Because Neue never discharged its *lis pendens*, the buyer purchased the property subject to the *lis pendens* and, if Neue prevails on its claim for specific performance, it will be able to enforce same against the current owner. In addition, contrary to Neue's repeated protestations, Beach Side was always free to sell the property. A *lis pendens* merely puts the public on notice of the pendency

of litigation related to the property and serves as notice of the claims asserted therein. It is not a prejudgment writ of attachment. If Neue believed that it would suffer irreparable harm because of a potential sale of the property, it could have sought a prejudgment writ of attachment. It failed to do so.

*Finally*, Beach Side has clearly established a meritorious defense. As explained in the Motion, Beach Side is entitled to the subject deposit because Neue breached the purchase and sale agreement. That is enough. *Regal Nails, Salon & Spa, LLC v. Ha*, No. 20-14388, 2021 WL 4976529, at *5 (S.D. Fla. Sept. 9, 2021) ("A defendant's burden to show the existence of a meritorious defense is extremely light on a motion to set aside an entry of default . . . 'A party seeking to set aside a default judgment cannot rest on "general denials" and must affirmatively show a defense that is likely to be successful.' A party seeking to set aside an entry of default, on the other hand, need only show a 'hint of a suggestion of a meritorious defense.'") (internal citations omitted); *Uniq Branch Office Mexico, S.A. de C.V. v. Steel Media Group, LLC*, No. 22-23876, 2023 WL 2770895, at *2 (S.D. Fla. Apr. 4, 2023) ("While the Steel Media Defendants provide little more than a 'hint of a suggestion' that they have meritorious defenses, and those defenses may not ultimately succeed on the merits, their assertions are sufficient to set aside their default under the liberal standard applied.").

## CONCLUSION

Based on the foregoing, Beach Side respectfully requests that the Court set aside the default.

## VERIFICATION

Under penalty of perjury, I, Marco Rodriguez, as authorized representative of Beach Side Apts, LLC, state that I have read the foregoing reply in support of the motion to vacate and that the facts alleged therein are true and correct to the best of my knowledge and belief.

_____
Marco Rodriguez
Authorized Representative, Beach Side Apts, LLC

Respectfully submitted,

**THE FERRO LAW FIRM, P.A.**
255 ALHAMBRA CIRCLE, 8TH FLOOR
CORAL GABLES, FLORIDA 33134
OFF. (305) 448-1033
CELL. (305) 984-8892
EMAIL. SIMON@THEFERROFIRM.COM
ALT. EMAIL. FERRO.SIMON@GMAIL.COM

BY: /s/ *Simon Ferro*
SIMON FERRO
FLORIDA BAR NO. 37014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 18, 2023, I caused the foregoing document to be filed with the Clerk of the Court *via* CM/ECF. I also certify that the foregoing document is being served this day on all parties and/or counsel of record *via* transmission of Notices of Electronic Filing generated by CM/ECF.

/s/     *Simon Ferro*
Simon Ferro